IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TUCKER GINN, | : | Civil No. 1:21-CV-0508 |
| Petitioner, | : | |
| v. | : | |
| KEVIN KAUFFMAN, *et al.*, | : | |
| Respondent. | : | Judge Jennifer P. Wilson |

## **MEMORANDUM**

Presently before the court for screening is Pennsylvania state inmate Tucker Ginn's petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Ginn seeks his release from prison due to the serious risk COVID-19 poses to his health, exacerbated by the inability to achieve social distance within prison. (Doc. 1.) Petitioner paid the requisite filing fee on April 1, 2021. (Doc. 4.) For the reasons that follow, the petition will be dismissed without prejudice to Petitioner seeking state habeas corpus relief pursuant to 42 PA. CON. STAT. § 6502(a) from the Philadelphia Court of Common Pleas or other relief from the Pennsylvania Department of Corrections ("DOC"). To the extent one is needed, a certificate of appealability will be denied.

### **Factual Background and Procedural History**

In October 1995, a Philadelphia County Court of Common Pleas jury convicted Tucker Ginn ("Petitioner" or "Ginn") of first-degree murder, criminal conspiracy, and possession of instruments of crime in connection with the shooting

of Philadelphia Police Officer Charles Knox and the wounding of Officer Anthony Howard. *See Commonwealth v. Ginn*, No. 3348 EDA 2017, 2018 WL 3099200 (Pa. Super. Jun 25, 2018) (affirming denial of fourth Post Conviction Relief Act petition as untimely). Ginn is serving a life sentence. *See Commonwealth v. Ginn*, CP-51-CR-0232801-1993 (Philadelphia Cnty. Ct. Com. Pl.) (docket sheet).[1]

Ginn is a 61-year-old male with a history of prostate cancer, hepatitis C, hypertension, hyperlipidemia, a thyroid condition, weak heart, degenerative disc disease, rheumatoid arthritis, and brain damage. (Doc. 1.) He is presently housed at the Huntingdon State Correctional Institution ("SCI–Huntingdon"), in Huntingdon, Pennsylvania and is "not known by any staff member to be a prison trouble-maker." (*Id.*, ¶ 24.)

Ginn filed a § 2254 petition on March 15, 2021 and does not challenge his conviction or sentence. (*Id.,* ¶ 15.) Ginn argues that due to his various medical conditions which have weakened his immune system, "[c]ontracting COVID 19 in prison would be a Death Penalty. [He] would not survive." (*Id.*, ¶ 11.) He seeks "to be home confined during the COVID 19 pandemic" due to the extreme hazard COVID-19 poses to his health. (*Id.*, ¶ 14.) He alleges that social distancing is impossible in the prison setting and that he is forced to share a community shower

---

[1] The court takes judicial notice of Petitioner's criminal docket sheet, available to the public at *https://ujsportal.pacourts.us/* (last visited April 8, 2021).

with other inmates.  He adds that make-shift infirmaries have been set up in the institution's gymnasium and education classrooms to house quarantined inmates.  (*Id*., ¶ 22.)  Although Pennsylvania Department of Corrections has attempted to stop the spread of COVID-19 within the facility, "that effort [has] failed." (*Id*., ¶ 23.)

As of April 6, 2021, 8 inmates at SCI-Huntingdon have died of COVID-19.  Presently, there are no COVID-19 positive inmates at SCI-Huntingdon.  There are currently 3 SCI-Huntingdon employees who have tested positive for COVID-19.  *See Pa. DOC, Daily Facility Report of COVID-19 Active Inmates and Employees by State Prison as of April 6, 2021*, available at https://www.cor.pa.gov/Documents/DOC-COVID-19-Daily-Count.pdf (last visited April 8, 2021).

## JURISDICTION

A federal district court is authorized to issue habeas corpus relief for individuals incarcerated pursuant to a judgment of a state court only if the prisoner is "in custody in violation of the Constitution or the laws or treaties of the United States."  *See* 28 U.S.C. § 2254(a).  Thus, a habeas corpus petition pursuant to 28 U.S.C. § 2254 is the proper mechanism for a prisoner in custody pursuant to the judgment of a state court to challenge the "fact or duration" of their confinement.  *Preiser v. Rodriguez*, 411 U.S. 475, 498–99 (1973); *see also Velazquez v. Sup't.*

*Fayette SCI*, 937 F.3d 151, 158 (3d Cir. 2019). Here, jurisdiction is proper as Ginn is presently in state custody due to his conviction in the Court of Common Pleas of Philadelphia County, Pennsylvania, and his petition for habeas relief seeks his immediate release from custody. 28 U.S.C. § 2241(d).

### STANDARD OF REVIEW

This matter is before the court for screening. *See* 28 U.S.C. § 2243. The petition has been given preliminary consideration pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. § 2254 (applicable to § 2241 petitions under Rule 1(b)); *see also Patton v. Fenton*, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979) (explaining that Rule 4 is "applicable to Section 2241 petitions through Rule 1(b)"). Rule 4 provides in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

### DISCUSSION

Ginn seeks habeas corpus relief in the form of a modification of the sentence imposed by the Philadelphia County Court of Common Pleas. Specifically, he seeks release on home confinement during the COVID-19 pandemic, because of his age and myriad health risks. While Ginn resides within this district, thus

providing the court with concurrent jurisdiction over Ginn's petition, he was sentenced in Philadelphia County which lies within the Eastern District of Pennsylvania.  *See* 28 U.S.C. § 2241(d).   Nonetheless, and assuming without deciding that Ginn can seek his temporary release due to COVID-19 in a habeas petition, he is first required to exhaust his available state court remedies.  *See* 28 U.S.C. § 2254(b)(1); *see also Davis v. Kauffman*, Civ. No. 1:21-CV-0277, 2021 WL 1225930 (M.D. Pa. April 1, 2021) (dismissing state prisoner's habeas petition due to his failure to exhaust available state court remedies to address COVID-19 condition of confinement concerns); *Massey v. Estock*, Civ. No. 1:20-CV-271, 2020 WL 8224836, *2 (W.D. Pa. Nov. 2, 2020) citing *Clauso v. Warden*, Civ. No. 20-5521, 2020 WL 2764774 (D. N.J. May 27, 2020); *see also Malloy v. Dist. Att'y of Montgomery Cnty.*, 461 F.Supp.3d 168 (E.D. Pa. 2020) (dismissing state inmate's COVID-19 habeas petition due to failure to exhaust state court remedies through state trial court or appellate courts).

Habeas corpus relief cannot be granted unless: 1) all available state court remedies on the federal constitutional claims have been exhausted; 2) there is an absence of available state corrective process; or 3) circumstances exist that render such process ineffective to protect the rights of the applicant.  *See* 28 U.S.C. § 2254(b)(1)(A).  To exhaust a claim, a petitioner must "fairly present" it to each level of the state courts.  *See Lines v. Larkins*, 208 F.3d 153, 159 (3d Cir. 2000).  It

is the petitioner's burden to demonstrate that he has raised his claims in the proper state forums through the proper state vehicles, not just that he raised a federal constitutional claim before a state court at some point. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). There are only two grounds upon which exhaustion may be excused: (1) if "there is an absence of available State corrective process," or (2) if "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 254(b)(1)(B).

In this case, even assuming Ginn could bring a federal habeas petition seeking a modification of his state imposed sentence based on his conditions of confinement, federal habeas relief is unavailable because he has not alleged or presented any proof showing that he exhausted available state remedies or the lack of a state court remedy.

In Pennsylvania, compassionate release, or deferment of sentence, allows for the temporary placement of a state convicted inmate to a hospital, long–term care nursing facility or hospice care location under electronic monitoring provided certain requirements are met. *See* 42 PA. CON. STAT. § 9777. An inmate or person to whom the court grants standing to act on behalf of the inmate may petition the sentencing court for such relief. *Id.*, § 9777(a)(2). Additionally, in order to obtain relief, a petitioner must make a prima facie claim that his current facility lacks the resources to treat him or that his illness compromises the collective health of the

institution holding him.  *Commonwealth v. Lightcap,* 806 A.2d 449 (Pa. Super. 2002).  Alternatively, Ginn may file a state petition for writ of habeas corpus pursuant to 42 PA. CON. STAT. § 6502(a).  In Pennsylvania, aside from challenging the illegality of one's confinement, "habeas corpus is available to secure relief from conditions constituting cruel and unusual punishment, even though the detention itself is legal."  *Com. Ex rel. Bryant v. Hendrick*, 280 A.2d 110, 113 (Pa. 1971).  As Ginn clearly states he is not attacking his conviction or sentence in this habeas matter, but asserts his conditions of confinement amount to cruel and unusual punishment due to his health in face of the pandemic, he could file a state habeas petition to pursue the claims he presents in this matter.

Finally, a third alternative form of relief is available to Ginn via Governor Wolf's temporary program to reprieve sentences of incarceration for those inmates who meet established criteria.  *See Daily Population Report (4/7/21), https://www.cor.   pa.gov/Pages/COVID-19.aspx* (last visited April 8, 2021).  This program "temporarily suspends the sentences of incarceration of those persons who qualify and comply with supervision requirements for such length of time as may be necessary" during the Commonwealth's disaster emergency as a result of COVID-19.  (*Id*.)  The Pennsylvania Department of Corrections' Daily Population Reports reflect how many inmates are granted reprieve releases under the Governor's program.  *See https://www.cor.pa.gov/Pages/COVID-19.aspx* (Daily

Population Reports, last visited April 8, 2021). Whether Ginn would qualify for such a reprieve is unknown.

In conclusion, as more than one available state court remedy exists for Ginn to pursue his request for temporary home confinement, the court is barred from addressing Ginn's petition. 28 U.S.C. § 2254(c).

## CONCLUSION

For the foregoing reasons, Ginn's petition for writ of habeas corpus proceeding under 28 U.S.C. § 2254 is denied without prejudice due to his failure to exhaust his available state court remedies. A certificate of appealability will not issue because reasonable jurists would not find it debatable whether the petition states a valid claim of the denial of a constitutional right and would agree that the court's procedural disposition of the claim to be correct. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). An appropriate order follows.

s/ Jennifer P. Wilson
JENNIFER P. WILSON
United States District Court Judge
Dated: April 9, 2021    Middle District of Pennsylvania